# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MJM Yachts, LLC, | Civil Action No.: 2:21-cv-906-MBS |
| Plaintiff, | |
| v. | **ORDER** |
| Ram Investments of South Florida, Inc., doing business as SeaVee Boats, | |
| Defendant. | |

This matter is before the court on Defendant Ram Investments of South Florida, Inc., doing business as Seavee Boats's ("Seavee") motion for protective order. ECF No. 18. Also before the court is Plaintiff MJM Yachts, LLC's ("MJM") motion to compel. ECF No. 22. Both motions are fully briefed and ripe for adjudication.

## BACKGROUND

MJM is a South Carolina boat manufacturer that owns multiple trademarks with respect to the design of recreational boats. Specifically, MJM owns five marks that together are known as the "MJM Brand": 34Z, 35Z, 40Z, 43Z, 50Z. ECF No. 1 at ¶. MJM alleges that Seavee has knowingly branded and identified its recreational boats and yachts "with a number followed by the capital letter Z," to resemble the MJM Brand. *Id.* at ¶ 15. Examples of Seavee's branding include 322Z, 340Z, 370Z, 390Z, and 450Z ("Ram marks"). *Id.* On the basis of Seavee's use of the Ram marks, MJM asserts claims for federal trademark infringement and unfair competition, South Carolina statutory trademark infringement and unfair competition, and unfair competition under South Carolina common law.

Seavee filed a motion to dismiss for lack of personal jurisdiction and improper venue. ECF No. 12. MJM filed a response in opposition, asking in the alternative that the court permit it to engage in jurisdictional discovery. ECF No. 13. On June 11, 2021, the court issued an order granting MJM's request to engage in jurisdictional discovery and holding the motion to dismiss in abeyance pending completion of such discovery. ECF No. 16. The court permitted MJM to propound no more than 10 interrogatories and 10 requests for production and notice no more than 2 depositions, limited in subject matter to the issue of personal jurisdiction. The discovery motions presently before the court arise from the parties' disagreement as to the scope of the limited jurisdictional discovery.

## DISCUSSION

Seavee seeks a protective order and objects to MJM's Interrogatories and Requests for Production on the premise that the discovery requests are overly broad temporally and not reasonably calculated to lead to admissible evidence relative to personal jurisdiction. ECF No. 18. MJM seeks an order compelling Seavee to provide complete answers and produce responsive documents to the five Interrogatories and seven Requests for Production propounded on Seavee. ECF No. 22.

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Federal Rules of Civil Procedure 33 and 34 require a party to answer a discovery request to the extent the request is not objectionable. *See, e.g., Doe v. National Hemophilia*

*Foundation,* 194 F.R.D. 516, 520 (D. Md. 2000).  On proper notice, a party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  As a counterweight, the Rules permit a court to restrict or preclude discovery when justice requires so as to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  The party moving for a protective order bears the burden of establishing good cause.  *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013).  Rule 26(g) requires in relevant part that at least one attorney of record sign every discovery request, response, or objection, thereby certifying that after a reasonable inquiry every request, response, or objection is, among other things, "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ."  Fed. R. Civ. P. 26(g)(1)(B).  "The scope and conduct of discovery are within the sound discretion of the district court."  *Erdmann v. Preferred Research, Inc. of Georgia*, 852 F.2d 788, 792 (4th Cir. 1988).  *See Marens v. Carrabba's Italian Grill, Inc.,* 196 F.R.D. 35, 42 (D. Md. 2000) (explaining the court has considerable discretion to tailor discovery to the circumstances of the case at hand, to adjust the timing of discovery, and apportion costs and burdens in a way that is fair and reasonable).

As mentioned, the court permitted MJM to propound a certain number of Interrogatories and Requests for Production specific to the topic of personal jurisdiction. Personal jurisdiction may be exercised generally or specifically.  General jurisdiction is established where the defendant's contacts with the forum state have been "continuous and systematic," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984), and are "so constant and pervasive as to render it essentially at home in the forum State," *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  By contrast, specific jurisdiction is based on a defendant's conduct in the state connected to the lawsuit.  *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12

3

(4th Cir. 2002) (citing *Helicopteros Nacionales*, 466 U.S. at 414). Where the defendant lacks the contacts to be considered essentially at home in the forum state, "the court may exercise specific jurisdiction if the defendant has continuous and systematic contacts with the forum state and the claims at issue arise from those contacts with the forum state." *Fidrych v. Marriott International, Inc.*, 952 F.3d 124, 131-32 (4th Cir. 2020) (citing *Daimler*, 571 U.S. at 126-27). Specific jurisdiction depends upon "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016). With respect to the first prong, the Fourth Circuit has identified the following factors the court may consider in assessing whether a business has purposefully availed itself of a forum:

> Whether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality, and extent of the parties' communications about the business being transacted; and whether the performance of contractual duties was to occur within the forum.

*Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal citations omitted). The second prong of the test requires "that the defendant's contacts with the forum state form the basis of the suit." *Id.* at 278-79 (citations omitted).

To those ends, MJM propounded the following five Interrogatories and seven Requests for Production:

<u>Interrogatory No. 1</u>

Identify all current or former principals, employees, agents, and other representatives of SEAVEE who communicated with any South Carolina residents

4

or other individuals or entities located in South Carolina since 1974 regarding SEAVEE's boats, boat parts, or boat maintenance or repair services by stating their names and the date and content of their communications.

Interrogatory No. 2

Identify all individuals or entities that SEAVEE employed or engaged to provide services relating to boat sales, marketing, maintenance or repair, transport or delivery, registration, or documentation since 1974 by stating their names, the date(s) they provided their services, and the nature and scope of their services.

Interrogatory No. 3

Identify each instance that SEAVEE sold a boat or boat part or provided boat maintenance or repair services to South Carolina residents or other individuals or entities located in South Carolina since 1974 by stating the name of the customer, the name of the salesmen or service providers, the date of the sales or service, the sales or service price, and the model number of the boat or parts sold or serviced.

Interrogatory No. 4

Identify each instance that SEAVEE transported or delivered, or made arrangements for the transport or delivery, or was otherwise involved in any way in transporting or delivering a boat or a boat part to South Carolina or arranging for service to be provided in South Carolina since 1974 by stating the date, the name of the customer, the model number of the boat involved, the nature of SEAVEE's involvement, and the name of any other persons or entities involved.

Interrogatory No. 5

Identify all advertisements, mailings, brochures, magazines, publications, websites, e-mails, and other promotional materials sent to or distributed outside of the State of Florida that SEAVEE has promoted its boats or boat parts or boat maintenance or repair services in or otherwise been featured in since 1974 by stating the date, the author or publisher, and the nature and content of the subject matter pertaining to SEAVEE.

ECF No. 18-1.

Request for Production No. 1

Produce all documents, things, and electronically stored information in your possession, custody, or control relating to SEAVEE's sale of any boats or boat parts or boat maintenance or repair services to South Carolina residents or other individuals or entities located in South Carolina since 1974.

5

Request for Production No. 2

Produce all documents, things, and electronically stored information in your possession, custody, or control relating to SEAVEE transporting, or making arrangements for the transport, or was otherwise being involved in any way in transporting a boat or a boat part to or from South Carolina since 1974.

Request for Production No. 3

Produce all documents, things, and electronically stored information in your possession, custody, or control relating to SEAVEE receipt or response to inquiries, forms, visits, posts, likes, or other contact from South Carolina residents or other individuals or entities located in South Carolina or using computers in South Carolina, including but not limited to through SEAVEE's website (www.seaveeboats.com and any related domains) and social media accounts (Instagram, Facebook, and other social media platforms), since 1974.

Request for Production No. 4

Produce all documents, things, and electronically stored information in your possession, custody, or control received by SEAVEE in response to the below form and any similar forms [image omitted]:

Request for Production No. 5

Produce all documents, things, and electronically stored information in your possession, custody, or control relating to any SEAVEE boats registered in South Carolina since 1974.

Request for Production No. 6

Produce all documents, things, and electronically stored information in your possession, custody, or control relating to advertisements, mailings, brochures, magazines, publications, websites, e-mails, and other promotional materials sent to or distributed outside of the State of Florida that SEAVEE has promoted its boats or boat parts or boat maintenance or repair services in or otherwise been featured in since 1974.

Request for Production No. 7

Produce all documents, things, and electronically stored information in your possession, custody, or control showing SEAVEE's use of the marks, "322Z," "340Z," "370Z," "390Z," "450Z," and any other marks containing a number and the letter Z.

ECF No. 18-2.

I.     **Motion for Protective Order**

A.  **Relevance**

Seavee objects to Request for Production ("RFP") Nos. 1, 2, 6, and 7 and to each Interrogatory on the basis of relevance. Seavee's relevance challenge is premised on the fact that "MJM's allegations relative to personal jurisdiction . . . are confined to Seavee's sale and offering for sale of its vessels," and that the court "specifically noted that MJM's allegations regarding personal jurisdiction focus in particular on Seavee's online presence." ECF No. 18 at 2. Seavee contends with respect to RFP No. 1 that Seavee's "maintenance or repair services are not reasonably related to any of MJM's allegations in its complaint, nor are they related in any way to Seavee's online presence." *Id.* at 2-3. Similarly, with respect to RFP No. 2, Seavee contends that the request "is not relevant to any of the allegations currently pled by MJM relative to personal jurisdiction," and is not "relevant to Seavee's online presence." *Id.* at 3. Seavee asserts that the information requested in RFP No. 6 "cannot possibly form the basis for personal jurisdiction unless [the materials] were aimed at South Carolina," and objects to RFP No. 7 as having "no relevance to MJM's allegations regarding personal jurisdiction" and bearing "no relation to Seavee's internet presence." *Id.* Seavee objects to Interrogatory No. 1 on the same basis as its objection to RFP No. 1 and to Interrogatory No. 2 on the same basis as its objection to RFP No. 2. With respect to Interrogatory No. 3, Seavee contends that information identifying "each instance it provided maintenance or repair to a South Carolina resident," and "sales price of boats sold to a South Carolina resident or service price for any South Carolina resident," is not relevant to personal jurisdiction or to MJM's allegations regarding personal jurisdiction. *Id.* at 4. Seavee contends that Interrogatory No. 4 is similarly flawed because information as to "each instance Seavee transported or delivered, or made arrangements for the transport or delivery of a

7

boat to South Carolina" is not relevant to personal jurisdiction or to MJM's allegations regarding personal jurisdiction. Moreover, Seavee asserts, its President and Director, Ariel Pared, has attested that all customers are required to take possession of their vessel at Seavee headquarters in Miami, Florida. *Id.* (citing ECF No. 12-1). Finally, Seavee contends that Interrogatory No. 5 is not tailored to seek information "regarding ties to South Carolina." *Id.*

MJM responds that the motion for protective order "says nothing about 'annoyance, embarrassment, oppression, or undue burden or expense,' as required by Rule 26(c), FRCP"; and asserts that the requests Seavee objects to are relevant to establishing personal jurisdiction in South Carolina because they ask for information "quantifying [Seavee's] boat sales and information about services and activities related to such sales," including transporting and registering boats in South Carolina, providing maintenance and repair services in South Carolina, and "using the marks at issue in connection with these activities." ECF No. 20 at 3-4. MJM contends that Seavee's relevance argument hinges on its interpretation of the court's order as "restrict[ing] jurisdictional discovery to the subject of Seavee's online presence." *Id.* at 4. MJM states it "does not read the Court's order that way and does not believe that was the Court's intent." *Id.* MJM further opposes Seavee's interpretation of its allegations as limited to the sale of boats and asserts that the complaint alleges Seavee is providing "both goods *and services* in South Carolina." *Id.* at 5 (citing ECF No. 1, ¶¶ 21, 36 ("products and services to consumers in South Carolina"; "in connection with the sale of goods and services in South Carolina")). MJM argues that Mr. Pared's affidavit "invites such discovery for purposes of rebutting the assertions SeaVee made therein," such as that Seavee "does no business outside of Florida, that it has never done business in South Carolina, that it has never contracted to supply service of things in South Carolina, and that it has never entered into a contract to be performed by either party in South

Carolina." *Id.* at 5.  MJM further argues that the affidavit "has already been shown to be inconsistent with Seavee's representations to the USPTO that it has long been engaged in interstate commerce, selling boats outside of Florida." *Id.* at 6.

With respect to RFP No. 6, MJM notes Seavee's objection that the requested materials should be limited to materials "aimed at South Carolina."  ECF No. 20 at 6.  MJM asserts that it is "reasonable . . . to believe that copies of all or virtually all of SeaVee's promotional materials distributed outside of Florida are distributed in South Carolina," and that to limit discovery to materials Seavee "deems to be 'aimed at South Carolina' [] creates an ambiguity for SeaVee to withhold materials that are in fact distributed in South Carolina." *Id.* at 6-7.  MJM proposes that Seavee "be required to produce all of its promotional materials 'aimed at South Carolina," along with "all of its promotional materials distributed outside of Florida, except for those materials that Seavee knows and certifies have not been and will not be distributed in South Carolina." *Id.* at 7.[1]

Civil litigants are generally entitled to discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The Federal Rules do not further define relevancy, other than to specify that materials need not be admissible at trial to be discoverable.  *Id.*  It is widely understood that courts have broad discretion in determining if proposed discovery is relevant and shall also accord a broad and liberal construction to the discovery rules.  *See, e.g., Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) (citations omitted).  The party resisting discovery bears the

---

[1] Seavee did not file a reply in support of its motion for protective order and therefore did respond on the record to the proposal.

9

burden of persuasion. *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (citations omitted).

Seavee states that the "framework" supporting its objections to the requested discovery is based on the court's comment that "MJM's allegations relevant to personal jurisdiction focus in particular on Seavee's online presence with respect to its website and social media accounts," and Seavee's position that "MJM's own allegations in its Complaint relative to personal jurisdiction are limited to SEAVEE selling and offering for sale recreational boats and yachts in South Carolina, and promoting its boats via its website." ECF No. 18 at 1-2. In permitting MJM to propound discovery requests targeted at the issue of personal jurisdiction, the court did not limit the scope of permissible discovery to inquiries into Seavee's media use and online presence. Rather, the court limited the number of discovery requests MJM could propound to correspond in proportion to the factual allegations contained in the complaint. The court placed no limitation on the topics on which MJM could seek discovery, other than specifying that the questions must be tailored to the issue of personal jurisdiction. To suggest otherwise presupposes that the court concluded in its order that MJM could establish personal jurisdiction through Seavee's online activities alone. The court made no such finding and rendered no such ruling. Additionally, as MJM notes, the complaint alleges infringement in the Ram marks in connection with services as well as the sale of goods in South Carolina. ECF No. 1 at ¶ 36.

The scope of jurisdictional discovery is not limited to the topic of Seavee's sales of or endeavors to sell boats or to its online activities. Nor is MJM precluded from propounding questions aimed at controverting Mr. Pared's attestations. The court adopts MJM's proposal with respect to RFP No. 6 and orders MJM to amend that discovery request consistent with the

discussion set forth above. The court otherwise finds that Seavee fails to meet its burden of persuasion with respect to its relevance arguments.

### B. Overly Broad

Seavee argues next that the discovery requests suffer from overbreadth as to temporal scope. Seavee asserts that "MJM's own allegations suggest its cause of action could not have accrued before 2002, as its trademark was not registered till October 17, 2002," and that MJM "has pled no allegations to support the exercise of general or specific jurisdiction prior to 2002." ECF No. 18 at 4-5. Seavee contends that RFP Nos. 1, 2, 3, 5, and 6 are overly broad because they seek documents that predate MJM's trademark registration and that the Interrogatories are each overly broad because they seek information "from 1974 forward." *Id.* at 5.

MJM responds that according to Seavee's filings with the USPTO, it "began engaging in interstate commerce in the boat market" in 1974. ECF No. 20 at 6. MJM asserts its belief that "South Carolina is the predominant state beyond Florida where SeaVee has been engaging in such admitted interstate commerce," and argues that discovery dating back to 1974 is "logically and reasonably calculated to establish general jurisdiction by way of SeaVee's 'continuous and systematic' activities in this State." *Id.* (quoting *Helicopteros Nacionales*, 466 U.S. at 414).

The court agrees with MJM that the period of time relevant to the issue of general personal jurisdiction is not necessarily the same period of time relevant to the underlying cause of action and finds that the challenged requests are not overly broad in seeking materials dating back to the year that Seavee represents it began engaging in interstate commerce in the boat market. The motion for protective order is denied.

**II.     Motion to Compel**

MJM asserts that after Seavee filed the motion for protective order, Seavee served written responses to the Interrogatories and RFPs, answering in part and objecting in part, and declining to produce any documents. ECF No. 20 at 1. MJM states that its motion to compel focuses on "issues arising from Seavee's initial discovery responses," which issues it asserts are separate from the matters discussed above pertaining to the motion for protective order. *Id.* at 6.

Seavee responds that MJM's requests are "not limited in scope, nor curtailed to correspond in proportion to the relatively narrow scope and low volume of factual allegations contained in MJM's complaint, as ordered by this Court." ECF No. 25 at 1. Seavee also responds that it "does not have access to certain information requested by MJM, and thus, cannot produce it." *Id.*

MJM replies that Seavee's opposition brief does not address the specific issues MJM identifies in the motion to compel and rather "offers a variety of misguided arguments that either reiterate or belatedly attempt to expand upon its objections." ECF No. 26 at 1.

As stated above, Seavee cannot object and fail to respond to the discovery requests herein at issue on the basis that the requests seek information that predates 2002, or that the requests pertain to information not related to Seavee's online activities or sale of or endeavors to sell boats, or that the requests seek information aimed at controverting Mr. Pared's attestations. Nor can Seavee withhold responsive documents on the basis that no protective order is yet in place in this lawsuit, as Seavee has not moved for a protective order. *See, e.g.,* ECF No. 22 at 7-8. To the extent Seavee is withholding responsive documents on such a basis, the parties are ordered to submit a proposed protective order for the court's review within seven days of the date this order is entered.

The court addresses specifically Request for Production No. 7, which asks:

12

> Produce all documents, things, and electronically stored information in your possession, custody, or control showing SEAVEE's use of the marks, "322Z," "340Z," "370Z," "390Z," "450Z," and any other marks containing a number and the letter Z.
>
> And to which Seavee responded:
>
> Objection, overbroad, oppressive, unduly burdensome, and expensive, SEAVEE BOATS has used the "Z" designation beginning in the year 2014. The "Z" designation appears on boats, its website and other promotional materials offered and distributed within the State of Florida. SEAVEE BOATS has no stored information, electronically nor otherwise, specifically addressing its use of the mark "322Z", "340Z", "370Z", "390Z", or "450Z" nor any other configuration.

ECF No. 25 at 10. The court agrees with MJM that Seavee's objection to the request as "overbroad, oppressive, unduly burdensome, and expensive" is inconsistent with Seavee's position that it has no responsive documents in its custody, control, or possession. *See* ECF No. 22 at 12-13. However, the request on its face appears overbroad as to the issue of personal jurisdiction in the state of South Carolina. Plaintiff shall amend this request to tailor it to the specific issue of jurisdiction.

In several instances, Seavee declined to produce documents on the basis that it does not maintain records responsive to the requests. *See, e.g.,* ECF No. 22-2 (responses to RFP Nos. 3, 4, 6, and 7). The court reminds Seavee that "documents are considered to be under a party's control when that party has 'the right, authority, or practical ability to obtain the documents from a non-party to the action.'" *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009).

Finally, counsel for Seavee are reminded that they must certify under Rule 26(g) that they have conducted a reasonable inquiry into these discovery requests and that no objection thereto is "interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." Fed. R. Civ. P. 26(g)(1)(B). The motion to compel is granted and Seavee is ordered to supplement its responses and produce documents accordingly.

## CONCLUSION

For the foregoing reasons, the Motion for Protective Order, ECF No. 18, is **DENIED** and the Motion to Compel, ECF No. 22, is **GRANTED**. MJM shall amend Request for Production Nos. 6 and 7 as discussed herein. The parties shall submit a joint proposed protective order for the court's review, consistent with the instruction herein. The parties shall also submit, within seven days of the date this order is entered, a joint proposed schedule to govern the completion of jurisdictional discovery in this matter.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

October 14, 2021
Charleston, South Carolina